```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
THOMAS D. TOURI,                   :
                                   :
          Plaintiff,               :
                                   :
     -against-                     :      Opinion & Order
                                   :      06 Civ. 00776 (SCR)(JFK)
JULIO CESAR ZHAGUI and ONE WAY     :
PROPERTIES, LLC,                   :
                                   :
          Defendants.              :
----------------------------------X
```

APPEARANCES

    FOR PLAINTIFF, THOMAS D. TOURI:

        Mitchell J. Baker, Esq.
        Baker, Leshko, Saline & Blosser, LLP
        One North Lexington Avenue
        White Plains, New York 10601

    FOR DEFENDANT, ONE WAY PROPERTIES LLC:

        Daniel E. O'Neill, Esq.
        Boeggeman, George & Corde, P.C.
        11 Martine Avenue
        White Plains, New York 10606

**JOHN F. KEENAN, United States District Judge**:

    Thomas D. Touri ("Touri" or "Plaintiff"), a police officer for the Village of Port Chester, New York and a resident of Connecticut, seeks damages for injuries he suffered when he fell at a property owned by One Way Properties, LLC ("One Way" or "Defendant") while arresting Julio Cesar Zhagui ("Zhagui"). Touri alleges that his fall was caused by One Way's failure to provide adequate lighting in the stairwell, in violation of tort

1

duties and General Municipal Law § 205-e.  Zhagui, who was served with process, has not appeared in this action and is presently in default.  The parties have cross-moved for summary judgment.  Jurisdiction, which is not contested, is based on diversity of citizenship pursuant to 28 U.S.C. § 1332.  For the following reasons, both motions are denied.[1]

### I.  Factual Background

#### A.  The Underlying Incident

At about 8:00 p.m. on February 26, 2003, at a three-story house located at 242 Westchester Avenue in Port Chester, New York (the "Premises"), Touri arrested Zhagui in connection with an alleged domestic violence incident.  Zhagui was handcuffed with his arms behind his back and was on Touri's right side as they walked down the three flights of stairs to exit the Premises.  (Pl. Ex. H, at 33:7–18).

Touri alleges that there was little to no lighting in the Premises.  Specifically, he claims that while every landing had a light fixture and a light switch, the lights did not work.  (Id. at 29:4-16).  Touri claims that on the first floor there were approximately four to five switches on the wall plate, which was hanging out, exposing "old and frayed" wires.  (Id. at

---

[1] This motion is before me with the consent of the Honorable Stephen Robinson, before whom the motion was originally filed. See Rule 13 of the Local Rules for the Division of Business among District Judges.

25:3-8). He tried each of these switches to no avail. (Def. Ex. E, at 20:6-14). As a result of these conditions, Touri claims he had to hold out a flashlight with his left hand to see his way down the staircase, while using his right hand to hold onto Zhagui's arm. (Pl. Ex. H, at 33:19-34:2). According to Touri, while he did not recall seeing a handrail, he could not have used it even if it was there because both of his hands were occupied. (Id. at 33:10-11).

Touri claims Zhagui "was uncooperative and tried to free himself from [Touri's grasp]" as they walked down the stairwell. (Second Am. Compl., at 3). On the flight of stairs between the first and second floors, Zhagui "began to flare his body back and forth . . . [and] pushed [Touri] off balance." (Pl. Ex. H, at 34:15-19). Touri attempted to hold onto the wall to regain his balance, but Zhagui nudged him with his shoulder (Id. at 36:16-18), causing Touri to fall four steps with Zhagui landing on top of him. (Id. at 34:20-25). Touri claims to have suffered permanent and career-ending injuries as a result of this incident.

### B. Alleged Housing Violations at the Premises

Leonard Cannavo ("Leonard") and Joseph Cannavo ("Joseph") are self-described "members" of One Way, a real estate corporation organized in New York and the owner of the Premises. As members, both men were responsible for inspecting the

3

Premises.  Leonard testified that he inspected the Premises about once a week throughout 2003 (Def. Ex. B, at 11:9).  During the inspections, typically he would "look at the upkeep, make sure there was no garbage around, collect any overdue rents, [and] make sure everything was nice and tight."  (Id. at 11:16-19).  Joseph testified that he inspected the Premises about twice a month (Def. Ex. C, at 11:2-3), during which he would "walk the perimeter and common area of the house" to inspect the Premises.  (Id. at 10:21-22).  No records of their alleged inspections were kept. (Def. Ex. B, at 11:20-23; Def. Ex. C, at 11:4-6).  Neither was aware of any problems with the lighting or electrical system at the Premises.  (Def. Ex. B, at 22:23-23:6; Def. Ex. C, at 10:8-10).

Touri alleges that, at the time of his fall, One Way was in violation of the following provisions of the Housing Standards Code of the Village of Port Chester:  (1) § 197-12.D, in that the stairs and railings of the Premises were not free from defects; (2) § 197-14.F, in that the electrical wiring and devices of the Premises were not properly maintained and posed a threat of ignition or electrical hazard; (3) § 197-16.B, in that not all non-habitable spaces of the Premises had adequate natural or artificial lighting available at all times; and (4) § 197-16.D, in that the stairwell of the Premises was not supplied with natural light or lighting facilities at all times.

He also claims that One Way violated § 37 of the New York Municipal Dwelling Law, in that lighting was not provided in the stairwell of the Premises.

On March 3, 2003, the Port Chester Police Department sent a referral slip to the Village of Port Chester Department of Buildings ("DOB"), reporting that no hallway lights were working in the stairwell of the Premises. Frank Ruccolo of DOB called Joseph Cannavo that day and instructed him to install new light bulbs. Ruccolo visited the Premises the next day, March 4, 2003, and found that all the lights worked. (Def. Ex. D). Prior to this incident, DOB did not have on file any violations or notices issued to One Way regarding any problems related to the lighting or the electrical system of the Premises.

### C.   The Instant Action

On February 1, 2006, Touri commenced the instant action. In his Second Amended Complaint, filed November 15, 2006, Touri asserts claims against One Way for common law negligence and violation of General Municipal Law § 205-e, seeking a judgment of joint and several liability and damages in an amount to be determined by this Court. One Way moves for summary judgment on both claims, arguing that it did not have actual or constructive notice of the alleged lighting condition and that Zhagui's conduct was the sole proximate cause of Touri's accident. On the General Municipal Law § 205-e claim, One Way further argues

that there is no evidence that One Way violated any code or ordinance. Touri cross-moves for summary judgment on the General Municipal Law 205-e claim, arguing that he has met all elements of the statutory claim and submitted uncontroverted facts which mandate summary judgment as to liability in his favor.

## II.  Applicable Legal Standards

### A.  Summary Judgment

Summary judgment is warranted when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue exists for summary judgment purposes "where the evidence is such that a reasonable jury could decide in the non-movant's favor." Beyer v. County of Nassau, 524 F.3d 160, 163 (2d Cir. 2008) (citing Guilbert v. Gardner, 480 F.3d 140, 145 (2d Cir. 2007)). Thus, when determining whether such fact issues do exist, the court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003). Summary judgment is appropriate when the non-moving party has no

6

evidentiary support for an essential element for which it bears the burden of proof. Celotex, 477 U.S. at 322-23. "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." Hayut v. State Univ. of N.Y., 352 F.3d 733, 743 (2d Cir. 2003) (alterations in original).

### B. Stating a Claim for Common Law Negligence

Under New York law, to establish a prima facie case of negligence, a plaintiff must show: "(1) the defendant owed the plaintiff a cognizable duty of care; (2) the defendant breached that duty; and (3) the plaintiff suffered damage as a proximate result of that breach." Stagl v. Delta Airlines, Inc., 52 F.3d 463, 467 (2d Cir. 1995) (citing Solomon v. City of N.Y., 66 N.Y.2d 1026, 1028, 489 N.E.2d 1294, 1294 (N.Y. 1985)).

#### i. Duty

"New York landowners owe people on their property a duty of reasonable care under the circumstances to maintain their property in a safe condition." Maheshwari v. City of N.Y., 2 N.Y. 3d 288, 294, 810 N.E.2d 894, 897 (N.Y. 2004) (internal quotations and citations omitted). Foreseeability determines the scope of the duty. Id. A landlord's duty to maintain the common areas of the premises in a reasonably safe condition includes "the duty to use reasonable care to inspect and repair

7

common areas, and the landlord is generally chargeable with notice of the dangerous conditions which a reasonable inspection would have discovered." Wynn v. T.R.I.P. Redevelopment Assocs., 745 N.Y.S.2d 97, 102 (N.Y. App. Div. 2002).

### ii. Breach

To establish a prima facie case of negligence in a slip and fall case, a plaintiff is required to show that the defendant breached its duty in that it "created the condition which caused the accident or that the defendant had actual or constructive notice of the condition." Bradish v. Tank Tech. Corp., 628 N.Y.S.2d 807, 808 (N.Y. App. Div. 1995). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit a defendant's employees to discover and remedy it." Gordon v. Am. Museum of Natural History, 67 N.Y.2d 836, 837, 492 N.E.2d 774, 775 (N.Y. 1986). Constructive notice may be inferred based on the circumstances surrounding the injury and the condition of the premises. Lusenkas v. Axelrod, 592 N.Y.S.2d 685, 689, 592 N.Y.S.2d 685, 689 (N.Y. App. Div. 1992). "On a motion for summary judgment to dismiss the complaint based upon lack of notice, the defendant is required to make a prima facie showing affirmatively establishing the absence of notice as a matter of law." Goldman v. Waldbaum, Inc., 669 N.Y.S.2d 669, 670 (N.Y. App. Div. 1998). The adequacy

of a landowner's inspections of common areas, however, is usually a determination reserved for the jury. Wynn, 745 N.Y.S.2d at 102; see also Nallan v. Helmsley-Spear, Inc., 50 N.Y.2d 507, 520 n.8, 407 N.E.2d 451, 458 n.8 (N.Y. 1980) ("What safety precautions may reasonably be required of a landowner is almost always a question of fact for the jury.").

### iii. Causation

"[I]n order to withstand summary judgment, a plaintiff need only raise a triable issue of fact regarding whether defendant's conduct proximately caused plaintiff's injuries." Burgos v. Aqueduct Realty Corp., 92 N.Y.2d 544, 550, 706 N.E.2d 1163, 1165 (N.Y. 1998). "Although it is ordinarily for the trier of fact to determine legal cause, 'where only one conclusion may be drawn from the established facts the question of legal cause may be decided as a matter of law.'" Howard v. Poseidon Pools, Inc., 72 N.Y.2d 972, 975, 530 N.E.2d 1280, 1281 (N.Y. 1988) (quoting Derdiarian v. Felix Contracting Corp., 51 N.Y.2d 308, 315, 414 N.E.2d 666, 670 (N.Y. 1980)). "[A]n intervenor's actions will not break the necessary chain of causation where they are 'a normal or foreseeable consequence of the situation created by the defendant's negligence.'" Stagl, 52 F.3d at 473 (quoting Derdiarian, 51 N.Y.2d at 315, 414 N.E.2d at 670). "[I]n order for the causal link to remain intact, a defendant need not foresee the precise intervening act; its occurrence

9

need only fall within the general category of reasonably anticipated consequences of the defendant's actions." Id.

   C.   Stating a Claim Under General Municipal Law § 205-e

General Municipal Law § 205-e creates a statutory cause of action for tort claims where a police officer sustains certain injuries in the line of duty. It provides, in pertinent part:

> [I]n the event any accident, causing injury . . . occurs directly or indirectly as a result of any neglect, omission, willful or culpable negligence of any person or persons in failing to comply with the requirements of any of the statutes, ordinances, rules, orders and requirements of the federal, state, county, village, town or city governments or of any and all their departments, divisions and bureaus, the person or persons guilty of said neglect, omission, willful or culpable negligence at the time of such injury . . . shall be liable to pay any officer . . . a sum of money, in case of injury to person, not less than one thousand dollars. . . .

N.Y. Gen. Mun. Law § 205-e.

To make out a claim under General Municipal Law § 205-e, a plaintiff must "'[1] identify the statute or ordinance with which the defendant failed to comply, [2] describe the manner in which the [police officer] was injured, and [3] set forth those facts from which it may be inferred that the defendant's negligence directly or indirectly caused the harm.'" Williams v. City of N.Y., 2 N.Y.3d 352, 363, 811 N.E.2d 1103, 1108 (N.Y. 2004) (quoting Giuffrida v. Citibank Corp., 100 N.Y.2d 72, 79, 790 N.E.2d 772, 776 (N.Y. 2003)). "Proving that the defendant's violation was an 'indirect cause' does not require the same

amount of proof as proximate cause in common-law negligence, but requires a practical or reasonable connection between the statutory or regulatory violation and the injury." Aldrich v. Sampier, 769 N.Y.S.2d 338, 340 (N.Y. App. Div. 2003).

### III. Analysis

#### A.   Defendant's Motion for Summary Judgment on the Common Law Negligence Claim is Denied

The parties do not dispute that Defendant, as owner of the Premises, owed a duty to Plaintiff to maintain the stairwell of the Premises — including the lighting and electrical system — in a safe condition. Therefore, the common law negligence analysis will focus on the breach and causation elements of Plaintiff's claim.

Defendant claims it had no notice of the alleged lighting problem and did not breach its duty to maintain the Premises. According to Defendant, it is just as likely that the lights blew when Plaintiff flipped on the light switch as it is that lighting and electrical defects existed prior to the incident. Defendant cites a litany of cases to support the proposition that, in the absence of proof of how long a condition existed prior to an accident, Plaintiff may not rely on a theory of constructive notice. See, e.g., Baer v. Great Atl. & Pac. Tea Co., Inc., 696 N.Y.S.2d 58 (N.Y. App. Div. 1999); Moss v. JNK Capital Ltd., 621 N.Y.S.2d 679 (N.Y. App. Div. 1995); Collins v.

Grand Union Co., 608 N.Y.S.2d 335 (N.Y. App. Div. 1994); Torri v. Big V of Kingston, Inc., 537 N.Y.S.2d 629 (N.Y. App. Div. 1989); Anderson v. Klein's Foods, Inc., 527 N.Y.S.2d 897 (N.Y. App. Div. 1988). Each of these cases — involving a slip and fall scenario caused by a foreign substance on the floor of a store or supermarket — also makes clear, however, that if a plaintiff offers any proof as to how long the substance had been on the floor prior to his or her fall, the court would not grant summary judgment in favor of the defendant.

Evidence of constructive notice can be inferred from the circumstances. Lusenkas, 592 N.Y.S.2d at 689. In Lyden v. Rasa, 331 N.Y.S.2d 982 (N.Y. App. Div. 1972), the plaintiff was injured while attempting to exit a vacant building using a rusty fire escape ladder which collapsed under his weight. The court found the evidence sufficient to support recovery under General Municipal Law § 205-e, noting "[t]he fire escape was rusty — a condition which did not occur overnight." Lyden, 331 N.Y.S.2d at 984.

On Defendant's motion, the Court views the evidence in the light most favorable to Plaintiff as the nonmovant. There exists an issue of fact as to whether Defendant had constructive notice of the lighting condition which allegedly caused Plaintiff to fall. Summary judgment for Defendant, therefore, is improper.

Unlike the cases cited by Defendant, in the case at bar, Plaintiff has offered proof that the lighting problem had existed for some time — namely, that the exposed electrical wires appeared old and frayed. Though Plaintiff cannot specify precisely when the lighting or electrical defect occurred, he has submitted evidence from which a reasonable jury could conclude that, like the fire escape in <u>Lyden</u>, the defect did not occur overnight. Furthermore, whether the inspections performed by Leonard and Joseph were reasonable and, in turn, whether Defendant had constructive notice of the alleged defects are questions for the jury to decide. <u>Nallan</u>, 50 N.Y.2d at 520 n.8, 407 N.E.2d at 458 n.8.

Finally, contrary to Defendant's claims, Zhagui's intervening act was not so extraordinary and unforeseeable as to break the causal connection between Defendant's alleged negligence and Plaintiff's injuries. While it may not have been foreseeable that a suspect would struggle with a police officer in the stairwell, it is foreseeable that persons will bump into one another on a darkened stairwell, and that such physical contact can cause a person to lose his or her balance, if only for a moment. Adequate lighting allows persons using the stairway to see not only the stairs in front of them, but the handrail and wall as well, preventing falls down the stairs. To the extent that the parties disagree over what ultimately caused

Plaintiff's injuries — Zhagui's nudge or the alleged inadequate lighting — the question of proximate cause is properly left for the jury to decide. Howard, 72 N.Y.2d at 975, 530 N.E.2d at 1281. For these reasons, Defendant's motion for summary judgment on the common law negligence claim is denied.

### B. The Cross Motions for Summary Judgment on the General Municipal Law § 205-e Claim Are Denied

To succeed on its motion for summary judgment on the General Municipal Law § 205-e claim, Defendant has "to show either that it did not negligently violate any relevant government provision or that, if it did, the violation did not directly or indirectly cause [P]laintiff's injuries." Giuffrida, 100 N.Y.2d at 82, 790 N.E.2d at 778. Defendant claims that there is no proof it violated any of the statutes cited by Plaintiff, noting that its DOB file contains no evidence of any electrical or lighting problems. Defendant also notes that even after DOB's inspection of the Premises, no citations were issued. Defendant argues that, in the absence of such evidence, no liability can be imposed.

Not one of the cases cited by the parties has required a citation for code violation to establish a General Municipal Law § 205-e claim, nor has the Court found any such case. Thus, the absence of a citation for code violation is not dispositive of Plaintiff's claim. Cf. Antico v. Richmond Housing Assocs., 602

14

N.Y.S.2d 179, 180 (N.Y. App. Div. 1993) (holding that allegations of specific statutory violations, together with the complaint, were sufficient to state a cognizable cause of action under General Municipal Law § 205-e and did not require that actual violations be issued). Furthermore, Plaintiff's identification of four Housing Standards Code violations and one Multiple Dwelling Law violation, and his deposition testimony regarding the lighting condition of the Premises and how the lack of light caused him to fall and injure himself, provide enough evidence of a violation to withstand summary judgment.

Defendant also argues that the alleged violations are not the proximate cause of Plaintiff's injuries. Defendant's argument is misguided because under the "indirect" causation element of General Municipal Law § 205-e, Plaintiff need only demonstrate a practical or reasonable connection between his injury and the violation of a statute or regulation — a lower threshold than proximate cause. Lusenkas, 592 N.Y.S.2d at 248. This argument fails for the same reason Defendant's proximate cause argument on Plaintiff's negligence claim failed. Plaintiff submitted evidence that inadequate lighting at the Premises — in violation of provisions of the Housing Standards Code of the Village of Port Chester — prevented him from finding and holding onto a handrail while escorting a suspect down three flights of stairs. When the suspect struggled, Plaintiff claims

15

he was unable to maintain his balance without the aid of the handrail and, as a result, fell and was injured. Based on this evidence, Plaintiff raised an issue of fact regarding whether Defendant's alleged violation was an indirect cause of Plaintiff's injuries. See Cerati v. Berrios, 878 N.Y.S.2d 160, 161 (N.Y. App. Div. 2009).

These disputed facts also prevent Plaintiff from establishing his entitlement to judgment as a matter of law because, even under the statute's broad interpretation of notice, an issue of fact remains as to whether Defendant had the requisite culpable knowledge of the lighting condition which allegedly caused Plaintiff to fall. Plaintiff is incorrect in stating that General Municipal Law § 205-e is a strict liability statute, because it explicitly requires some level of culpability on the part of Defendant. Lusenkas, 592 N.Y.S.2d at 689. Contrary to Plaintiff's assertions that Defendant has not submitted any facts in opposition, Defendant has put forth evidence that Leonard and Joseph routinely inspected the Premises, claimed to have had no notice of any electrical or lighting problems, and never received any violations for such problems. Viewing the evidence in the light most favorable to Defendant as the non-movant, a reasonable jury could conclude that Leonard and Joseph performed the necessary inspections, that the lights blew immediately after Plaintiff flipped the

light switch on the night of the accident, and therefore "the requisite culpability for the applicable violation is lacking." Id.

### III. Conclusion

For these reasons, both Defendant's and Plaintiff's motions for summary judgment are denied in their entirety.

SO ORDERED.

Dated:       New York, N.Y.
             March  /4 , 2010

_____
John F. Keenan
United States District Judge